## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID J. YETTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:11-cv-00040-RGA |
| | : | |
| WISE POWER SYSTEMS, INC., | : | |
| a Delaware corporation, and | : | |
| WILLIAM and CECILIA RAWHEISER, | : | |
| in the their individual capacity, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Timothy J. Wilson, Esq., The Wilson Firm, LLC, Newark, DE, Attorney for the Plaintiff.

Kathleen Furey McDonough, Esq., Michael B. Rush, Esq., Potter Anderson & Corroon, LLP, Wilmington, DE, Attorneys for the Defendant.

March __14__, 2013

ANDREWS, U.S. DISTRICT JUDGE:

Before the court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (D.I. 37). In March of 2010, David Yetter filed a complaint in Delaware Justice of the Peace Court 9 against William Rawheiser alleging non-payment of commissions earned pursuant to Plaintiff's employment with Wise Power Systems, Inc. (D.I. 37, Ex. B). The JP Court dismissed the complaint without prejudice as the cause of action was against Wise Power Systems and not Rawheiser. (D.I. 37, Ex. C). In October of 2010, Yetter filed a Chapter 7 Voluntary Petition for Bankruptcy and completed the required Statement of Financial Affairs form. (D.I. 37, Ex. D). Section 4(a) of the Statement required Yetter to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceeding the filing of this bankruptcy case." (*Id.*) In answer to Section 4(a) Yetter indicated "none." (*Id.*) In the Voluntary Petition, Schedule B, question 21 requires a listing of "contingent and unliquidated claims of every nature," and an estimated value for those claims. Yetter indicated that there were none. (*Id.*) The Plaintiff's bankruptcy was discharged on January 11, 2011. (D.I. 37, Ex. H). On that same day, this complaint was brought against the Defendants for non-payment of earnings. (D.I. 1).

The Defendants argue that the doctrine of judicial estoppel bars the complaint now before the court. (D.I. 37). The Defendants contend the doctrine is invoked because Yetter had knowledge of the claims in the current action prior to filing the Voluntary Petition in which he indicated having no such pending claims. (*Id.*) It is Yetter's contention that this omission was a good faith mistake resulting from following his attorney's advice. (D.I. 40).

On a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c), the court applies the same standard as it does to a Federal Rule of Civil Procedure 12(b)(6) motion. *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The doctrine of judicial estoppel bars a party that has previously asserted a legal position from asserting an inconsistent or contrary legal position in a later proceeding. *See Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 419 (3d Cir. 1988). This equitable remedy is applied to preserve the integrity of the system. Its focus is on the relationship between the litigant (i.e., Yetter) and the judicial system. *Id.* The Third Circuit has established a three part test for determining when judicial estoppel is warranted. *See Montrose Medical Group Participating Savings Plan v. Bulger,* 243 F.3d 773, 777-78 (3d Cir. 1996). The two legal positions taken by the party must be irreconcilably inconsistent, bad faith must be the basis for the change in position, and judicial estoppel is not to be used unless that remedy is "tailored to address the harm identified" and no lesser sanction is adequate for that purpose. *Id.* at 778.

Yetter asserted the legal position that he had no claims against the Defendants in his submission of both Section 4(a) of the Statement of Financial Affairs and Section B of the Voluntary Petition. A party has knowledge of a potential claim when the events underlying the claim have occurred prior to the filing of the bankruptcy petition. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC,* 337 F.3d 314, (3d Cir. 2003). Yetter asserts numerous claims against the Defendants based upon allegations of unpaid wages and commissions. (D.I. 1). The Plaintiff's complaint in the JP Court, which was filed prior to the Chapter 7 Voluntary

3

Petition, was also based upon these unpaid earning claims. (D.I. 37, Ex. B). Yetter had

knowledge of the potential for this complaint while answering "none" on the bankruptcy

proceeding forms when required to disclose such claims. These two legal positions are

completely inconsistent.

There is a presumption of bad faith when the party does not disclose in a bankruptcy

proceeding a potential claim of which the party had knowledge. *See Oneida Motor Freight, Inc.,*

848 F.2d at 416-18. Yetter did not disclose in the bankruptcy the potential claims of which he

had knowledge. Actual reaping of a benefit by the taking of two inconsistent legal positions is

not a requisite to finding bad faith. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc.,* 337 F.3d

at 320. Further, a party seeking the protection of bankruptcy has a motive for not disclosing

assets as the non-disclosure would shield those funds from creditors. *See Hardee-Guerra v. Shire*

*Pharmaceuticals,* 737 F. Supp.2d 318, 329 (E.D. Pa. 2010). Plaintiff cites reliance upon his legal

counsel's advice against disclosing the potential claim to overcome this bad faith presumption.

(D.I. 40).[1] This excuse has been found to be insufficient. *See Meisinger v. Prudential Ins.*

*Companies of America,* 2011 WL 2036508, *3 (D.N.J. 2011); *Hardee-Guerra,* 737 F. Supp.2d

at 330.

Judicial estoppel should be applied only to "avoid a miscarriage of justice." *Krystal*

*Cadillac-Oldsmobile GMC Truck, Inc.,* 337 F.3d at 319. Yetter's creditors were harmed by his

failure to disclose the potential for this complaint. In bankruptcy proceedings the integrity of the

disclosure requirements are crucial to the system as creditors must rely upon the debtor's asserted

---

[1]Plaintiff submitted an Affidavit. (D.I. 40, Ex. 1). Plaintiff submitted nothing from the
attorney Yetter alleges provided the advice.

4

assets in determining whether to settle the debt for a lesser amount than owed. *See Oneida Motor Freight, Inc.,* 848 F.2d at 417. This harm is not one that can be cured by a lesser sanction than judicial estoppel. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc.,* 337 F.3d at 325.

Plaintiff's subsequent notice to the Trustee has resulted in the bankruptcy being reopened. (D.I. 54, ¶ 7). The Trustee has also filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) so that the debtors can share in any damages awarded upon these claims. (D.I. 54). Plaintiff's proposal is that any recoveries go to the bankruptcy creditors, up to the value of the claims, with the balance going to Yetter. This is not a sufficient remedy as it does not address the harm to the integrity of the system.

> The Bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered.

*Krystal Cadillac-Oldsmobile,* 337 F.3d at 321. Judicial estoppel is warranted in the present case as the non-disclosure of the potential claims has been detrimental to Yetter's creditors and to the integrity of the bankruptcy process. No appropriate lesser sanction against Yetter has been suggested, and the court has not thought of one.

For the above stated reasons, the Defendant's motion for judgment on the pleadings will granted.

Also before the court is the Chapter 7 Trustee's motion to intervene as the proper plaintiff pursuant to Federal Rule of Civil Procedure 24(a). Pursuant to Fed. R. Civ. P. 24 (a):

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

5

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Pursuant to 11 U.S.C. § 323, the Chapter 7 Bankruptcy Trustee of Yetter's estate has an interest in the claim to the extent of recovering the value of what is owed the creditors. The motion to intervene will be granted.

6